UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MARCHETTI<br>1501 OLD BLACK HORSE PIKE<br>APARTMENT O-17<br>BLACKWOOD, NJ 08012<br>    Plaintiff<br><br>V.<br><br>ADMINISTRATOR JOHN POWELL<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>    and<br>ADMINISTRATOR AL SOLANIK<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>    and<br>WARDEN/ADMINISTRATOR JOHN DOE 1-5<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>*Unknown Supervisor Defendants, fictitious names, real names unknown*<br>    and<br>SERGEANT/LIEUTENANT JOHN DOE 1-5<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>*Unknown Supervisor Defendants, fictitious names, real names unknown*<br>    and<br>CORRECTIONAL OFFICER AMBROSE<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>    and<br>CORRECTIONAL OFFICER TROUT<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>    and<br>CORRECTIONAL OFFICER JOHN DOE 1-10<br>215 SOUTH BURLINGTON ROAD<br>BRIDGETON, NEW JERSEY 08302<br>*Unknown Defendants, fictitious names, real names unknown*<br>    **Defendants** | CIVIL ACTION<br><br>CASE NO: 1:22-cv-2527<br><br>COMPLAINT, JURY DEMAND, DEMAND TO IDENTIFY JOHN DOE DEFENDANTS, AND DEMAND TO PRESERVE EVIDENCE |

1

## PARTIES

1. Plaintiff, John Marchetti, is an adult citizen of the State of New Jersey, residing as captioned.

2. At all relevant times, Plaintiff was incarcerated at South Woods State Prison, which is operated by the New Jersey State Department of Corrections ("DOC") and is located at 215 S Burlington Road, Bridgeton, New Jersey 08302.

3. Defendant, Administrator John Powell, was, upon information and belief, an administrator for South Woods State Prison, which is operated by the New Jersey State Department of Corrections ("DOC"), acting under color of law and within the scope of his employment, who was responsible for operations, as well as, the custody and care of inmates housed at South Woods State Prison; the development, promulgation, and implementation of policies and procedures relating to the custody and care of prisoners housed at South Woods State Prison; and the supervision, hiring, firing, disciplining, training and oversight of corrections officers employed by South Woods State Prison, in particular having the duty to ensure that policies relating to the use of force were enacted, implemented and/or enforced.

4. Defendant, Administrator Al Solanik, was, upon information and belief, an administrator for South Woods State Prison, which is operated by the New Jersey State Department of Corrections ("DOC"), acting under color of law and within the scope of his employment, who was responsible for operations, as well as, the custody and care of inmates housed at South Woods State Prison; the development, promulgation, and implementation of policies and procedures relating to the custody and care of prisoners housed at South Woods State Prison; and the supervision, hiring, firing, disciplining, training and

oversight of corrections officers employed by South Woods State Prison, in particular having the duty to ensure that policies relating to the use of force were enacted, implemented and/or enforced.

5. Defendants, Warden/Administrator John Doe 1-5, are yet to be unidentified wardens/administrators for South Woods State Prison, which is operated by the New Jersey State Department of Corrections ("DOC"), acting under color of law and within the scope of their employment, who were responsible for operations, as well as, the custody and care of inmates housed at South Woods State Prison; the development, promulgation, and implementation of policies and procedures relating to the custody and care of prisoners housed at South Woods State Prison; and the supervision, hiring, firing, disciplining, training and oversight of corrections officers employed by South Woods State Prison, in particular having the duty to ensure that policies relating to the use of force were enacted, implemented and/or enforced.

6. Defendants, Sergeant/Lieutenant John Doe 1-5, are yet to be unidentified supervisory sergeants/lieutenants working at and employed by South Woods State Prison acting in their official and individual capacities involved in the oversight, management, monitoring, supervision, and care over Plaintiff and/or correctional officers, including, but not limited to, Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, who had personal involvement in the incident alleged in the complaint.

7. Defendant, Correctional Officer Ambrose, was at all material times a correctional officer working at and employed by South Woods State Prison acting in his official and individual capacities involved in the oversight, management, monitoring, supervision and

care over Plaintiff, who had personal involvement in the incident alleged in the complaint.

8. Defendant, Correctional Officer Trout, was at all material times a correctional officer working at and employed by South Woods State Prison, acting in his official and individual capacities involved in the oversight, management, monitoring, supervision and care over Plaintiff, who had personal involvement in the incident alleged in the complaint.

9. Defendants, Correctional Officer John Doe 1-10, were at all material times correctional officers who were agents, servants, and employees of South Woods State Prison, are yet to be unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over Plaintiff, who had personal involvement in the incident alleged in the complaint.

10. At all times material hereto, Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, were acting within the course and scope of their authority as agents, servants, and employees of South Woods State Prison.

11. Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, as agents, servants, and employees of South Woods State Prison, are and were at all relevant times required to respect and comply with the Constitutional rights of all federal prisoners and pre-trial detainees, as well as South Woods State Prison rules, regulations, and other mandated duties.

## NATURE OF THE ACTION

12. Plaintiff institutes this action for compensatory and punitive damages for the violation of both federal and state constitutional rights in the use of excessive force by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, under the supervision of Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrator John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, that was arbitrary, capricious, brutal, malicious, sadistic, and lacking in any justification or need to control or maintain safety at the South Woods State Prison on Friday, May 1, 2020.

13. The unlawful actions and conduct of the Defendants evidenced a depraved and deliberate indifference to the clearly established constitutional rights of Plaintiff, protected and secured by the provisions of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, brought pursuant to the Civil Rights Act, Title 42 of the United States Code, § 1983.

14. This action is also brought pursuant to the New Jersey Civil Rights Act, Title 10 of the New Jersey Statutes for violations under the New Jersey Constitution, Article 1, §1.

## JURISDICTION

15. This court has jurisdiction over the Federal law claim pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and 42 U.S.C. § 1983.

16. Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. §1988 for his federal claims and N.J.S.A. 10:5-27.1, N.J.S.A. 10:6-2(c) and N.J.S.A. 34:19-5(c) for his state constitutional claims.

17. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in South Woods State Prison, located in and around Bridgeton, located in Cumberland County, New Jersey, which is in the District of New Jersey, Camden Vicinage; and in Northern State Prison, located in and around Newark, located in Essex County, New Jersey.

## OPERATIVE FACTS

18. On Friday, May 1, 2020, at approximately 4:00 PM, Plaintiff was being brought to the intake room at South Woods State Prison to be transferred to Northern State Prison.

19. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, placed Plaintiff in handcuffs.

20. Due to the excessive tightness of the handcuffs placed by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, Plaintiffs hands began going numb.

21. Plaintiff asked Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, to loosen the handcuffs several times, and informed them that the handcuff placement was causing him extreme discomfort, pain, and numbness.

22. Instead of loosening the handcuffs, Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, took Plaintiff out of the intake room and into another room.

23. After bringing Plaintiff into another room, Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, began kicking Plaintiff's legs out from under him, resulting in Plaintiff falling to the ground.

24. While Plaintiff was on the ground, still handcuffed behind his back, Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, began punching and kicking Plaintiff in the back, ribs, and face.

25. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, told Plaintiff that he was going to be taken off the transport list, and left him lying on the ground.

26. Sometime after the attack, Defendants, Correctional Officer John Doe 1-10, took Plaintiff from the room back into the intake room with other prisoners present.

27. In the intake room, other Correctional Officers and/or Central Transport officers observed Plaintiff's injuries and requested the medical staff to exam and attend to Plaintiff.

28. After medical staff examined and attended to Plaintiff, he was taken off the transport list and sent to the hospital.

29. At all relevant times, there was no need for by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, to use any force against Plaintiff.

30. At all relevant times, the safety of Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, was not in any way threatened by Plaintiff, who was handcuffed behind his back at all material times.

31. At all relevant times, by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, did not use force in good faith, but instead maliciously and/or sadistically attacked Plaintiff for complaining about the tightness of the handcuffs.

32. As direct and proximate result of the attack perpetrated by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, Plaintiff needlessly suffered both physical and psychological symptoms.

33. At all relevant times, Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, were under the supervision, direction, and control of Defendants, Sergeant/Lieutenant John Doe 1-5, Administrator John Powell, Administrator Al Solanik, and/or Warden/Administrators John Doe 1-10.

34. Upon information and belief, at the material times, Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, were aware of the misconduct and assault, but failed to intervene.

35. After Plaintiff was released from the hospital, Plaintiff was returned to South Woods State Prison, where he was interviewed by Internal Affairs about the incident with the aforementioned Defendants.

36. Plaintiff was later transferred to Northern State Prison where he stayed until his release on parole in September of 2020.

37. As a direct and proximate result of the injuries resulting from the aforementioned Defendants' physical attack of Plaintiff, Plaintiff was prescribed ibuprofen and given ibuprofen until his release.

38. As a direct and proximate result of the medication prescribed to Plaintiff to treat the resulting injuries and pain caused by the May 1, 2020, incident at South Woods State Prison, Plaintiff developed a stomach ulcer.

39. On or about November 25, 2020, while Plaintiff was home on parole, Plaintiff experienced such extreme abdominal pain that he became unconscious.

40. Plaintiff was rushed to the Emergency Department where he was diagnosed with a perforated duodenal ulcer causing internal bleeding, which required emergency surgery.

41. Plaintiff remained hospitalized until approximately December 15, 2020.

42. Plaintiff will require medical treatment for his physical and emotional injuries for the foreseeable future.

43. As a direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrator John Doe 1-5, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, Correctional Officer John Doe 1-10, Plaintiff was caused to sustain and will continue to suffer from serious physical injuries, including, but not limited to:

   a. Bilateral wrist pain;

   b. Neuropathy of right ulnar nerve at wrist;

   c. Guyon syndrome of the right wrist;

   d. Right wrist tendonitis;

   e. Cubital tunnel syndrome on the right;

   f. Right carpal tunnel syndrome;

   g. Right finger pain;

   h. Hand swelling and stiffness;

   i. Rib pain and contusions on the left side;

   j. C2-C3 right central protrusion type herniation abutting the cord and mild narrowing of central canal;

   k. C3-C4 through C6-C7 bulging of the annulus;

    l. C4-C5 and C5-C6 central/superior extruded herniations impinging upon the spinal cord with mild to moderate narrowing of the central canal;

    m. L4-L5 annular disc bulge with a broad central protrusion type herniation impinging upon the thecal sac and mild to moderate bilateral; foraminal stenosis;

    n. L2-L3 and L3-L4 bulging of the annulus;

    o. Laceration and contusion on the mouth;

    p. Headaches;

    q. Perforated stomach ulcer; and

    r. Permanent scarring.

44. As the direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrator John Doe 1-5, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, Correctional Officer John Doe 1-10, Plaintiff suffered disability, humiliation, loss of reputation, loss of enjoyment of life, loss of earning potential, economic loss, mental anguish, and emotional distress and will continue to suffer same for an indefinite time in the future to their great detriment and loss.

45. As the direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrator John Doe 1-5, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, Correctional Officer John Doe 1-10, Plaintiff has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to his great detriment and loss.

**COUNT I**
**§ 1983 CLAIM- EIGHTH/FOURTEENTH AMENDMENT EXCESSIVE FORCE**
**JOHN MARCHETTI V. CORRECTIONAL OFFICER AMBROSE, CORRECTIONAL OFFICER TROUT, AND CORRECTIONAL OFFICER JOHN DOE 1-10**

46. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

47. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, used force on the Plaintiff that, under the circumstances, was unreasonable, when placing the handcuffs on Plaintiff which caused such great discomfort and pain to Plaintiff that he asked Defendants to loosen them.

48. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, were deliberately indifferent to the pain and discomfort caused by the handcuff placement, causing Plaintiff great distress and injuries.

49. Although there was a need to handcuff Plaintiff to prepare him for transport, Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, used excessive force in relation to that need.

50. The handcuff placement by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, was the direct and proximate cause of Plaintiff's serious above-described injuries.

51. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, could not reasonably perceive a threat which would warrant the above-described excessive force by handcuffing Plaintiff for the safety of correctional officers or other inmates.

52. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, made no effort to correct the handcuff placement,

nor did the aforementioned Defendants make any effort to temper the severity of the forceful handcuffing of Plaintiff.

53. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, acted maliciously and/or sadistically for the purpose of intentionally injuring Plaintiff, and/or acting with extreme cruelty or delight in their actions more fully described above, when placing the handcuffs to cause great pain and discomfort and refusing to loosen and/or change the placement of the handcuffs.

54. Plaintiff's, injuries described in length above, were directly and proximately caused by the intentional actions of the aforementioned Defendants.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff, John Marchetti, demands compensatory and punitive damages against Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, in their individual and/or official capacities, jointly and/or severally, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT II**
**§ 1983 CLAIM- EIGHTH/FOURTEENTH AMENDMENT EXCESSIVE FORCE**
**JOHN MARCHETTI V. CORRECTIONAL OFFICER AMBROSE,**
**CORRECTIONAL OFFICER TROUT, AND CORRECTIONAL OFFICER JOHN**
**DOE 1-10**

55. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

56. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, used force on the Plaintiff that, under the circumstances, was unreasonable, when taking Plaintiff into another room to assault and batter him, even though he was fully restrained with handcuffs behind his back.

57. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, had no need to apply any force on Plaintiff, who was handcuffed behind in back and was fully cooperating with all orders given.

58. Because there was no need for the Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, to use excessive force to assault and batter Plaintiff, there was no relationship between the need for the use of force and amount of force used.

59. Plaintiff suffered extensive injuries, more fully described above, as a direct and proximate result of the excessive force used by Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10.

60. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, could not reasonably perceive any threat to safety which Plaintiff could cause, since Plaintiff handcuffed and compliant at all relevant times.

61. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, made no efforts to temper the severity of their forceful response.

62. Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, acted maliciously and/or sadistically for the purpose of intentionally injuring Plaintiff, and/or acting with extreme cruelty or delight in their actions more fully described above.

63. Plaintiff's, injuries described in length above, were directly and proximately caused by the intentional actions of the aforementioned Defendants.

13

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff, John Marchetti, demands compensatory and punitive damages against Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, in their individual and/or official capacities, jointly and/or severally, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III**
**§ 1983 CLAIM-BYSTANDER LIABILITY**
**John Marchetti v. SERGEANT/LIEUTENANT JOHN DOE 1-5, CORRECTIONAL OFFICER AMBROSE, CORRECTIONAL OFFICER TROUT, AND/OR CORRECTIONAL OFFICER JOHN DOE 1-10**

64. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

65. Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, observed or had to reason to know about the excessive force and assault of Plaintiff by their fellow correctional officer Defendants.

66. Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, were aware that the excessive force and assault on Plaintiff by the other correctional officer Defendants was unwarranted, unjustified, malicious, sadistic, intentional, and/or unconstitutional.

67. There was a realistic and reasonable opportunity for Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, to intervene and stop the unconstitutional excessive force and assault on Plaintiff.

68. However, Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, failed to intervene and stop the above-described conduct.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, John Marchetti, demands compensatory and punitive damages against Defendants, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, in their individual and/or supervisory capacities, jointly and/or severally, plus interest, costs, attorney's fees, and all other appropriate relief.

<u>**COUNT IV**</u>
<u>**§ 1983 CLAIM- SUPERVISORY LIABILITY**</u>
<u>**JOHN MARCHETTI V. ADMINISTRATOR JOHN POWELL, ADMINISTRATOR AL SOLANIK, WARDEN/ADMINISTRATORS JOHN DOE 1-5, AND/OR SERGEANT/LIEUTENANT JOHN DOE 1-5**</u>

69. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

70. Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, were direct supervisors to Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10.

71. Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, facilitated, encouraged, condoned, and/or acquiesced the conduct of Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, of subjecting Plaintiff to excessive force and depriving Plaintiff of his constitutional rights.

72. Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, failed to adequately train,

supervise, or discipline Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, for subjecting Plaintiff to excessive force and depriving Plaintiff of his constitutional rights.

73. Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, acted with deliberate indifference to Plaintiff's safety and constitutional rights, and had actual or constructive knowledge that Defendants, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, posed an unreasonable risk of harm to prisoners, such as Plaintiff, and consciously disregarded this risk.

74. Defendants, Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, acting with deliberate indifference, exposed Plaintiff to a sufficiently substantial risk of serious damage to his future health.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 and 1988, Plaintiff, John Marchetti, demands compensatory and punitive damages against Defendants, Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, and/or Sergeant/Lieutenant John Doe 1-5, in their supervisory capacities, jointly and/or severally, plus interest, costs, attorney's fees, and all other appropriate relief.

<u>**COUNT VI**</u>
<u>**NEW JERSEY CIVIL RIGHTS ACT- SUBSTANTIVE DUE PROCESS CLAIM**</u>
<u>**JOHN MARCHETTI V. ADMINISTRATOR JOHN POWELL, ADMINISTRATOR AL SOLANIK, SERGEANT/LIEUTENANT JOHN DOE 1-5, WARDEN/ADMINISTRATORS JOHN DOE 1-5, CORRECTIONAL OFFICER AMBROSE, CORRECTIONAL OFFICER TROUT, AND/OR CORRECTIONAL OFFICER JOHN DOE 1-10**</u>

75. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

76. Plaintiff has a state substantive due process liberty interest under the New Jersey State Constitution Article 1, §1 to be free from egregiously abusive physical conduct by law enforcement officers.

77. Plaintiff had a right under the New Jersey State Constitution Article 1, §1 to be free from unreasonable seizures.

78. The actions taken by Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, were taken under color of state law.

79. Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, to the same extent and pursuant to the same facts as set forth in the complaint herein, individually and through their agents, servants and employees, and by their deliberate indifference to the civil rights of Plaintiff as more fully detailed above, deprived Plaintiff of his rights, privileges and immunities secured under Article I, ¶1 of the New Jersey State Constitution and under N.J.S.A. 10:6-2, the New Jersey Civil Rights Act (the "NJCRA").

80. The above-named Defendants acted pursuant to official or unofficial policy and/or custom to deprive Plaintiff of his constitutional rights by actions that were willful, deliberate, and malicious.

81. By reason of the foregoing, Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, Sergeant/Lieutenant John Doe 1-5,

Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, violated the civil rights of Plaintiff.

82. As a direct and proximate result of Defendants' constitutional violations as described above, Plaintiff sustained serious, severe, and permanent injuries, both physical and emotional, as well as other damages.

83. By reason of the foregoing, Plaintiff has been damaged.

**WHEREFORE**, pursuant to the New Jersey Constitution and New Jersey Civil Rights Act, Plaintiff, John Marchetti, demands compensatory and punitive damages against Defendants, Administrator John Powell, Administrator Al Solanik, Warden/Administrators John Doe 1-5, Sergeant/Lieutenant John Doe 1-5, Correctional Officer Ambrose, Correctional Officer Trout, and/or Correctional Officer John Doe 1-10, in their individual and/or official capacities, jointly and/or severally, plus interest, costs, attorney's fees, and all other appropriate relief.

*/s/ Thomas Bruno II*
Thomas Bruno II
Attorney for Plaintiff
NJ ID No. 0244881978
(215) 546-1345
tbruno@adlawfirm.com

Abramson & Denenberg, P.C.
1315 Walnut Street Suite 500
Philadelphia, PA 19107