**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN MARCHETTI,

        Plaintiff,

v.

ADMINISTRATOR JOHN POWELL, et al.,

        Defendants.

Civil Action No. 22-2527 (KMW) (EAP)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendants' motion to dismiss portions of Plaintiff's amended complaint in this civil rights matter. (ECF No. 18.) Plaintiff filed opposition to the motion (ECF No. 19), to which Defendants replied. (ECF No. 20.) For the following reasons, the motion is granted.

By way of background, Plaintiff alleges in his amended complaint that, while in the intake room at South Woods State Prison awaiting a transfer, he complained about tight handcuffs to officers in the area. (ECF No. 14 at 6.) Defendants Ambrose, Trout, and a number of other officers then allegedly took Plaintiff to a room without cameras, and repeatedly beat Plaintiff. (*Id.* at 6-7.) Plaintiff was then taken to be seen by medical staff and ultimately taken to the hospital. (*Id.*) As a result of the attack, Plaintiff alleges he suffers continuing and/or permanent injuries to his writs, hands, ribs, vertebrae, and head. (*Id.* at 9-10.)

In addition to the officers involved in the attack, Plaintiff also names as Defendants John Powell, the administrator of the prison, and Al Solanik, the associate administrator of the prison. (*Id.* at 1.) Plaintiff's claims against Solanik and Powell are based on Plaintiff's assertion that they

permitted the onset of an unofficial prison policy or custom in which excessive force incidents were tolerated and went unpunished, sufficient to put the administrators on notice that additional policies or training aimed at preventing further use of force were necessary. (*Id.* at 15-20.) In support of this assertion, Plaintiff alleges eleven incidents in which other inmates have claimed excessive force was used by prison officers between 2016 and 2020. (*Id.* at 17-19.) Plaintiff's recounting of these events, however, provides little context for what happened other than to note that force was allegedly used against a number of different inmates, in different areas of the prison, by either unspecified guards or guards other than those identified by name in this matter. (*Id.*) The administrator Defendants now move to dismiss the claims against them, arguing that Plaintiff has failed to allege their involvement in the alleged events. Defendants also argue that Plaintiff's failure to intervene claims against Defendants Trout and Ambrose must be dismissed as Plaintiff alleges no facts to support them.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Defendants first argue that the civil rights claims[1] raised against the administrator defendants must be dismissed for failure to adequately plead personal involvement. To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which would show that the named defendants had personal involvement in the alleged wrongs, which cannot be established through vicarious theories of liability. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Where the named defendant is a supervisor, a plaintiff seeking to show personal involvement in a violation must plead facts which show that the alleged constitutional violation is the result of a policy, practice or custom put into effect by the supervisor.[2] *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d

---

[1] Plaintiff raises the same supervisory liability claim against the administrator Defendants pursuant to both 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. Claims brought pursuant to the NJCRA are analogues to federal claims brought pursuant to 42 U.S.C. § 1983 and are subject to the same defenses, standards, and immunities. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). They are thus generally coterminous with the equivalent federal civil rights claim. *Id.* Thus, this Court discusses the § 1983 and NJCRA claims together as the same rules apply to both claims.

[2] Supervisors may also be held liable based on actual knowledge and acquiescence or direct involvement in the events at hand. *See Chavarriaga*, 806 F.3d at 222. Although Plaintiff posits that the Administrators acquiesced in the attack on Plaintiff, he bases that assertion only on their alleged creation of an unofficial policy or custom of permitting excessive force without reprise or

3

575, 583-84 (3d Cir. 2003). A policy or custom will be the cause of an alleged violation where it is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). To plead a formal policy, the plaintiff must plead facts indicating that a decisionmaker with final authority established an applicable formal proclamation, policy, edict, or rule. *Natale*, 318 F.3d at 584. A custom instead exists where a given action has not been formally approved by the decisionmaker, but is "so widespread as to have the force of law." *Id.* To plead a plausible claim, the plaintiff must therefore plead either that a formally instituted policy caused the alleged violation, a policy maker violated the plaintiff's rights directly, or the policy maker failed to take affirmative action to address known inadequate existing practices such that the policymaker can be said to have been deliberately indifferent to the plaintiff's rights. *Id.* To make out a claim based on alleged inadequate policies or unofficial customs, a plaintiff must generally plead facts showing the "existence of a pattern of tortious conduct" by officers which would clearly indicate the need for the adoption of a corrective policy. *Bd. Of Cnty. Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407 (1997).

Here, Plaintiff asserts that the administrator defendants permitted the formation of a custom or practice of the use of excessive force sufficient that they should have been aware that remedial policies were necessary. In support of that assertion, Plaintiff provides a list of incidents in which other prisoners have alleged that excessive force was used against them. However, in this list, Plaintiff does not identify any specific instance involving the same officers who allegedly attacked him, nor does he provide allegations which would suggest that any but one of the alleged additional assaults was similar to his own. More to the point, Plaintiff's supervisory claims are chiefly based

---

appropriate remedial training. Plaintiffs' claims thus either rise or fall as a policy or custom claim, and this Court does not construe the amended complaint to truly be asserting knowledge and acquiescence as there are no allegations that the administrators knew of the attack on Plaintiff prior to its conclusion sufficient to acquiesce in its occurrence.

4

on the allegation that the administrators "downplayed" or overlooked these other assaults, permitting a custom of beatings to go into effect. However, Plaintiff provides no factual allegations as to when the administrators became aware of these other alleged events, how they responded to them, or how they "downplayed" these other assaults. He provides no allegations as to the incidents being reported and then ignored, or as to any discipline that was or was not undertaken. Likewise, as to the failure to create remedial policies, Plaintiff provides no allegations as to the use of force policies in effect at the time of the alleged assaults, nor as to what additional training or what additional policy, if adopted, would have prevented the alleged assault on him. Although the string of alleged attacks on inmates in the prison gives the Court some pause, the Court cannot conclude that Plaintiff has adequately alleged that the administrator's failure to adopt unspecified additional training or policies was the "moving force" behind the attack on Plaintiff, or was so glaring in the absence of additional detail that they could be said to be deliberately indifferent to Plaintiff's rights. Thus, Defendants' motion is granted as to the claims against the two administrators, and the claims against them are all dismissed without prejudice.[3]

In their final argument, Defendants contend that Plaintiff's failure to intervene claims against Defendants Ambrose and Trout must be dismissed as Plaintiff has pled no facts to support those claims. In order to plead a claim for failure to intervene, a plaintiff must plead facts indicating that the officer in question had a "realistic and reasonable opportunity to intervene" in to stop an attack upon the plaintiff and "simply refused to do so," resulting in harm to the plaintiff. *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012); *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002). An officer, however, cannot be said to fail to intervene to stop his own constitutional

---

[3] To the extent Plaintiff believes he can amend his complaint further to provide sufficient detail to support either his supervisory claims or failure to intervene claims, which are discussed below, counsel is free to file a motion seeking leave to amend.

violation. *See, e.g., Mazur v. Twp. Of Marlboro*, No. 16-5527, 2020 WL 373343, at *5 (D.N.J. Jan. 23, 2020). Thus, although a plaintiff may plead excessive force and failure to intervene in the alternative, he must do so expressly – alleging both sets of facts – and cannot base a failure to intervene claim solely on the allegation that the same officer was involved in the use of excessive force against the plaintiff. *Id.* Although Plaintiff provides conclusory allegations that each officer had an opportunity to intervene to stop the other officers, in his actual factual recitation, he instead alleges that all of the officers in question were directly involved in the actual use of excessive force. Because Plaintiff did not plead alternative facts – such as that Ambrose and Trout *either* engaged directly in the attack on him *or* stood by without intervening to stop their fellow officers – Plaintiff has not pled any actual factual allegations, as opposed to mere conclusions, sufficient to support a claim for failure to intervene, and he may not base such a claim solely on the officer's direct involvement in the beating. Defendants' motion must therefore be granted, and the failure to intervene claims dismissed without prejudice at this time.

**IT IS THEREFORE,** on this 28 day of July, 2023,

**ORDERED** that Defendants' motion to dismiss (ECF No. 18) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Solanik and Powell are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's failure to intervene claims against Defendants Ambrose and Trout are **DISMISSED WITHOUT PREJUDICE**; and it is finally

6

**ORDERED** that the Clerk of the Court shall serve a copy of this memorandum Order upon the parties electronically.

Hon. Karen M. Williams,
United States District Judge